# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JESSIE MARTIN**<br>    LA. DOC #121245<br>VS. | **CIVIL ACTION NO. 09-1411**<br>**SECTION P**<br>**CHIEF JUDGE JAMES** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Jessie Martin, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 31, 2009. Petitioner attacks his March 2004 attempted manslaughter conviction in Louisiana's Fourth Judicial District Court, Morehouse Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

## *Background*

Petitioner was convicted of attempted manslaughter on March 18, 2004, in the matter entitled *State of Louisiana v. Jessie Martin*, Docket Number 03-427F of the Fourth Judicial District Court, Morehouse Parish. He was ultimately sentenced to serve 12 years at hard labor.

On August 15, 2006, petitioner filed a *pro se* petition for writ of *habeas corpus* in this Court attacking that conviction and arguing claims of (1) sufficiency of the evidence, (2) evidentiary errors involving hearsay evidence and alleged violations of the right to confrontation, and (3) excessiveness of sentence. [See *Jessie Martin v. Warden*, Docket No. 3:06-cv-1383 at

Docs. 1, 4, and 8] The petition was served and answered and on May 11, 2007, the Court dismissed the petition with prejudice having adopted the undersigned's Report and Recommendation which concluded that the petition was without merit. [See *Jessie Martin v. Warden*, Docket No. 3:06-cv-1383 at Docs. 21 (Report and Recommendation) and 23 (Judgment)] On June 4, 2007 the Court granted a Certificate of Appealability (COA) with regard to the confrontation clause claim. *Jessie Martin v. Warden*, Docket No. 3:06-cv-1383 at Doc. 27. Thereafter, on July 22, 2008, the United States Fifth Circuit Court of Appeals affirmed the judgment dismissing the habeas petition with prejudice. *Martin v. Warden, Forcht Wade Correctional Center*, 289 Fed. Appx. 682, 2008 WL 2831938 (5th Cir. 2008). [See also *Jessie Martin v. Warden*, Docket No. 3:06-cv-1383 at Doc. 30]

As noted above, petitioner filed the instant petition on July 31, 2009, arguing (1) the prosecutor's failure to disclose material evidence favorable to the accused in violation of *Brady v. Maryland*, and (2) ineffective assistance of counsel. Petitioner also filed a Motion for Evidentiary Hearing [Doc. 3] and a Supplemental and Amending Petition with exhibits. [Doc. 7]

***Law and Analysis***

This is petitioner's second federal *habeas corpus* action. A *habeas corpus* petition is not "second or successive" simply because it is filed after an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). According to the Fifth Circuit "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id*.; *Crone v. Cockrell*, 324 F.3d 833, 836-837 (5th Cir. 2003).

The claims for relief raised herein were either raised in the earlier *habeas corpus* petition,

2

or could have been; the earlier petition was dismissed with prejudice on the merits. Therefore, the instant petition must be considered a "second or successive" petition for writ of *habeas corpus*. Before a successive petition is filed in district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

Petitioner has not sought and received authorization to file a second or successive *habeas corpus* from the Fifth Circuit Court of Appeals; therefore, this court lacks jurisdiction to consider his petition. See *Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999). Petitioner must comply with the statute and obtain an order authorizing this Court to consider his claims from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir.2000).

In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a procedure which might be employed when a successive petition is erroneously filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate.

Accordingly,

**IT IS RECOMMENDED** that petitioner's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U .S.C. § 2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, October 8, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE